Larry Gomez, U.S. Atty., and Presiliano A. Torrez, Asst. U.S. Atty., Albuquerque, NM; and Kathleen A. Felton, Dept. of Justice, Washington, DC, on the briefs for plaintiff-appellant.

Alan F. Zvolanek, Albuquerque, NM, on the briefs for defendant-appellee.

Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and KELLY, Circuit Judge.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Grigory DONSKIKH, Defendant–Appellee.**

No. 93–2057.

United States Court of Appeals, Tenth Circuit.

April 13, 1994.

Larry Gomez, U.S. Atty., and Louis E. Valencia, Asst. U.S. Atty., Albuquerque, NM, on the briefs for plaintiff-appellant.

Adam G. Kurtz, Albuquerque, NM, on the briefs for defendant-appellee.

Before MOORE, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and KELLY, Circuit Judge.

JOHN P. MOORE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9.

---

1. *See United States v. Miller,* 811 F.Supp. 1485    (D.N.M.1993).

The cause is therefore ordered submitted without oral argument.

■ This appeal presents the question of whether the defendant voluntarily consented to a search of luggage contained in his railroad car compartment. Applying *United States v. Ward*, 961 F.2d 1526 (10th Cir. 1992), and *United States v. Bloom*, 975 F.2d 1447 (10th Cir.1992), the district court concluded defendant's consent was not voluntary because it was given after he was seized by drug interdiction officers. *See United States v. Miller*, 811 F.Supp. 1485, 1499–500 (D.N.M.1993). This court has subsequently reversed the essential holdings in *Ward* and *Bloom* upon which the district court based its conclusions. *United States v. Little*, 18 F.3d 1499 (10th Cir.1994) (en banc). Because the district court's findings seem to tie to the *Ward* and *Bloom* paradigms other circumstances which might also obviate consent, we are unable to resolve the appeal. We therefore remand for further proceedings.

The district court has fully, and colorfully, set forth all the essential facts; therefore, we need not repeat them here in detail. Suffice that after alighting from a train, defendant was approached.on the platform of the railroad station in Albuquerque, New Mexico, by a drug interdiction officer. After identifying himself and asking permission to speak to the defendant, the officer told defendant he was employed to look for persons transporting narcotics. Following additional conversation, the officer asked defendant for permission to search the luggage in defendant's roomette. Although there is a conflict in the testimony whether consent was given, the two nonetheless proceeded into the train.

At defendant's roomette, they encountered two other officers who were in the process of talking to defendant's wife. Additional conversation took place with the officers standing in the corridor outside the roomette. During that dialogue, the officers asked again to search defendant's luggage. Defendant responded with an arm gesture which the officers interpreted as consent. They entered the roomette, opened the luggage and found a fully loaded machine gun.

Defendant's arrest ensued, and following institution of charges, defendant sought and obtained an order suppressing the use of the weapon as evidence. It is that order which is now on appeal.

■ Under the standards that ordinarily guide us, we review the district court's findings supporting its ruling on a motion to suppress to determine whether they are clearly erroneous. *United States v. Little*, 18 F.3d at 1499. The peculiar state of the record here, however, makes difficult that review.

The district court was motivated by two concerns. First, because of its application of *Ward* and *Bloom*, the court was constrained to hold the consent given by defendant in his train compartment was not voluntary because it was the product of a per se detention. We now know that conclusion is not supportable. Yet, the court also found defendant did not consent to the search of his luggage while he was on the train platform.

Whether the court believed that lack of consent had a spillover which affected his subsequent but independent indication of consent is suggested but not clear. While both instances could be viewed as independent and isolated circumstances in which the later acts evincing consent could be independently viewed, we believe that judgment must be made in the first instance by the trier of fact. We therefore have no choice but to remand this matter for further consideration.

**REVERSED in part and REMANDED.**